Nathaniel Davis, Esq.
Military Park Building
60 Park Place
Suite 208
Newark, New Jersey 07102
Telephone: (973) 792-9005
Attorney for the Plaintiff,
Aaron Miles

---

| | |
|---|---|
| AARON MILES | : UNITED STATES DISTRICT COURT |
| | : FOR THE STATE OF NEW JERSEY |
| Plaintiff (s) | : |
| v. | : Civil Action No: |
| CITY OF JERSEY CITY, CITY OF JERSEY CITY POLICE DEPARTMENT, P.O. HENNESY, P.O. MEADE, P.O. STROTHERS, P.O. DALTON, DET. C. PARSONS, NICOLE TENGO, ABC CORP. 1-3, and JOHN DOE 1-3 | : COMPLAINT |
| Defendant(s) | : |

---

Plaintiff, Aaron Miles, by his attorney, Nathaniel M. Davis, Esq., complains of defendants, City of Jersey City, City of Jersey City Police Department, P.O. Hennesy, P.O. Meade, P.O. Strothers, P.O. Dalton, Det. C. Parsons, Nicole Tengo, ABC CORP. 1-3, and JOHN DOE 1-3, hereinafter referred to as "defendants", and allege as follows:

INTRODUCTION

This action arises under the Fourth, fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988 for an unreasonable use of force to effect an arrest, false arrest; New Jersey Constitution.

While the Defendants were acting in the scope of their employment and under color of state law, they used excessive force to arrest the Plaintiff. The Defendant's actions caused injury to the Plaintiff and he seeks compensatory and punitive damages.

Action is also brought against the City of Jersey City and the City of Jersey City Police Department for its failure to properly train and/or supervise the individual Defendants in the proper use of force and techniques used to secure an arrest of an individual and for its establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force.

Action is aso brought against Nicole Tengo for making false accusations as o the plaintiff, Aaron Miles and causing him to be falsely arrested and prosecuted.

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. The jurisdiction of this court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court.

4. Venue of this action is proper under 28 USC § 1391(b) because it is where the Plaintiff resides.

## PARTIES

5. Plaintiff, Aaron Miles, is and at all times mentioned was a legal

resident of the United States of America, and resident of the State of New Jersey and was and at all times an African American man.

6. Upon information and belief, and at all times hereinafter mentioned, plaintiff, Aaron Miles, hereinafter referred to as "Plaintiff".

7. At all times hereinafter mentioned, the defendant, P.O. E. Hennesy hereinafter referred to as "Hennesy", was employed as a police officer of the City of Jersey City and its Police Department. Defendant is sued in his individual and official capacity.

8. At all times hereinafter mentioned, the defendant, P.O. Meade hereinafter referred to as "Meade", was employed as a police officer of the City of Jersey City and its Police Department. Defendant is sued in his individual and official capacity.

9. At all times hereinafter mentioned, the defendant, P.O. Strothers hereinafter referred to as "Strothers", was employed as a police officer of the City of Jersey City and its Police Department. Defendant is sued in his individual and official capacity.

10. At all times hereinafter mentioned, the defendant, P.O. Dalton hereinafter referred to as "Dalton", was employed as a police officer of the City of Jersey City and its Police Department. Defendant is sued in his individual and official capacity.

11. At all times hereinafter mentioned, the defendant, Det. C. Parsons hereinafter referred to as "Parsons", was employed as a police officer of the City of Jersey City and its Police Department. Defendant is sued in his individual and official capacity.

12. At all times hereinafter mentioned, the defendant, City of Jersey City was a

3

municipal corporation organized and existing under and by virtue of the laws of the State of New Jersey.

13. At all times hereinafter mentioned, the defendant, City of Jersey City Police Department is a department of the City of Jersey City and at all times employed the defendant police officers and John Doe 1-3.

14. At all times hereinafter mentioned, the defendants, John Doe 1-3, were employed by the City of Jersey City Police Department. Defendants are sued in their individual and official capacities.

15. Upon information and belief, at all times hereinafter mentioned, the defendants, ABC Corp. 1-3 were departments of the City of Jersey City

16. The defendant, Nicole Tengo, falsely accused the plaintiff of a crime and caused him to be arrested.

17. At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

## STATEMENT OF FACTS

18. On or about September 11, 2012, Plaintiff was at a private residence located at 44 Williams Avenue in Jersey City, New Jersey.

19. At the time in question, the Plaintiff was talking to relatives when he was arrested by the individually named police officers from Jersey City Police Department.

20. The defendanrt, Nicole Tengo, wrongfully identified the Plaintiff as the person who committed a crime against her ie. Robbery.

21. As a result of the assault, the Plaintiff suffered injuries .

22. The Plaintiff was taken to the Jersey City Police Station where he was held for several hours.

4

23. The Plaintiff was placed into custody and locked in a cell at the City of Jersey City Police Department.

24. The charges were dismissed as to the Plaintiff by the City of Jersey City Municipal Court.

FIRST CAUSE OF ACTION
{42 U.S.C. 1983}
DEPRIVATION OF CIVIL RIGHTS
EXCESSIVE USE OF FORCE

25. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. On or about September 11, 2012, at or about 9:30 am at or near South Inman Avenue, City of Jersey City, New Jersey, Defednant Police Officers stopped and detained the Plaintiff's and grabbed the Plaintif forcefully to make an arrest without justification, willfully, maliciously and intentionally, thus committing a battery on the Plaintiff and inflicting physical and emotional in

27. Plaintiff was unarmed, helpless and not resisting an arrest and in no way posed a threat to Defendant Police Officers or the safety to any other person.

28. Defendant Police Officers assaulted and battered Plaintiff with their hands without any reasonable justification, thereby using excessive force to effect an arrest under the law thereby violating Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth, Fifth and Fourteenth amendment, 42 U.S.C. § 1983 and his rights under the Constitution of the State of New Jersey.

29. In using unreasonable force on Plaintiff, Defendant Police Officers violated the

5

departments rules and regulations on the use of force in making arrests of persons who are carrying out a routine activity and either have not committed any crime or infraction or have committed a minor infraction.

30. As a direct and proximate result of the above described unlawful and malicious acts of Defendant Police Officers, all committed under color of his authority as a police officer and while acting in that capacity, Plaintiff, suffered physical and emotional damages, all of which is in violation of Plaintiff's rights under the Constitution of the United States, in particular the Fourth and Fourteenth amendment, and 42 U.S.C. § 1983.

31. Plaintiff was in no way was threatening or resisting towards Defendant Police Officers, was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of the right to due process of law under the Constitution of the United States, in particular the Fifth, Eight and Fourteenth amendments. The use of mace or by Defendant Police Officers upon plaintiff was unwarranted, unjustifiable and excessive.

32. As a result of the above described acts, Plaintiff was deprived of rights and immunities provided to him, under the Constitution of the United States and of the State of New Jersey including, but not limited to, his rights under the Fourth and Fourteenth amendments to be secure in his person, to be free from punishment without due process, and to the equal protection of the laws.

33. The failure of the City of Jersey City, the City of Jersey City Police Department, ABC Corp. 1-3 and John Doe 1-3 to provide training and/or supervision regarding the lawful use of force and/or amounts to a deliberate indifference to the safety

6

and lives of the citizens of the City of Jersey City. This deliberate indifference to supervision and/or training was a proximate cause of the injuries of plaintiff.

34. Defendants, City of Jersey City, the City of Jersey City Police Department, ABC Corp. 1-3 and John Doe 1-3, are directly liable and responsible for the acts of Defendant Police Officers, because they knowingly failed to enforce the laws of the State of New Jersey and the regulations of the City of Jersey City Police Department pertaining to the use of force by the City of Jersey City Police Department police officers, thereby creating with the City of Jersey City Police Department, an atmosphere of lawlessness in which police officers employ excessive and illegal force in the belief that such acts will be condoned and justified by their superiors. Defendants City of Jersey City, City of Jersey City Police Department, ABC Corp. 1-3 and John Doe 1-3 were, or should have been aware of these unlawful acts and practices prior to and at the time of Plaintiff's physical and emotional injuries.

SECOND CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

35. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. Defendants, City of Jersey City and the City of Jersey City Police Department, as employer and supervisor of Defendant Police Officers implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing police officers of the City of Jersey City Police Department to confront citizens without any reasonable training in when to use force in effecting arrests and in such a way as to cause the deprivation of Plaintiff's right to be

7

free from unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

37. The failure of the City of Jersey City and the City of Jersey City Police Department, as employer and supervisor of Defendant Police Officers to adequately train and supervise Defendant Police Officers, amounts to deliberate indifference to the rights of Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

38. As a result of this deliberate indifference to the Plaintiffs' rights, defendants were the proximate cause of the Plaintiff's personal physical and emotional injuries and is entitled to relief under 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
{42 U.S.C. 1983}

39. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. At all times material to the herein complaint, the City of Jersey City, acting through the City of Jersey City Police Department, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of the defendants. These de facto policies, practices, and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers who are repeatedly accused of such acts; and the police code of silence wherein police officers regularly cover up police misconduct and unjustified force and tactics by telling false and incomplete stories or by failing to report the misconduct and unjustified force and tactics by police officers.

8

41. On information and belief, the defendant, City of Jersey City and the City of Jersey City Police Department have failed to effectively screen, hire, train, supervise, and discipline their police officers including the defendants, Defendant Police Officers, for his misconduct and for their failure to protect citizens from unconstitutional conduct of police officers thereby permitting and allowing the defendant, Defendant Police Officers, to be in a position to unjustifiably arrest and restrain the Plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights.

42. On information and belief, the City of Jersey City and City of Jersey City Police Department, maintained an inadequate structure for risk containment and stress management relative to its police officers and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient at the time selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers, in its training of supervisory personnel to effectively and adequately evaluate performance of an officer and in its ability to otherwise put the command structure on notice that an individual was at significant levels of risk to the public at large and to the Plaintiff specifically. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public.

43. As a result of the above described policies and customs, the defendant, Defendant Police Officers, believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

44. That the defendants, City of Jersey City and City of Jersey City Police Department, failed to adequately and properly hire, train, supervise, discipline, or in any

9

other way control the behavior and performance of the defendant, Defendant Police Officers, and that the defendants, City of Jersey City and City of Jersey City Police Department, hiring practices and exercise of police functions and their failure to enforce the laws of the State of New Jersey and the City of Jersey City is evidence of the reckless lack of caution in regard to the rights of the public including the Plaintiff in that the defendant, Defendant Police Officers, exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing his duties.

45. The failure of the defendants, City of Jersey City and City of Jersey City Police Department, to hire, train, supervise, discipline, or in any other way control their employees including the defendant, Defendant Police Officers, in the exercise of the police officers functions in that the defendant, Defendant Police Officers, was and is carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the Plaintiff.

46. Due the acts of the defendant, Defendant Police Officers, the failure of the defendants, City of Jersey City and City of Jersey City Police Department, to discipline and properly train and supervise and promote, Defendant Police Officers, and the continued employment of the officer presented a clear and present danger to the Plaintiff.

47. Although the defendants, City of Jersey City and City of Jersey City Police Department, knew or should have known of the fact that a pattern of conduct was carried out by its agents, servants, and/or employees including, Defendant Police Officers, have not taken any steps or made any efforts to halt this course of conduct, to make redress to the Plaintiff or other citizens injured thereby or to take any disciplinary action whatever against any of their employees or agents.

10

48. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the defendants, City of Jersey City and City of Jersey City Police Department, to the constitutional rights of the Plaintiff, and were the proximate cause of the violations of the Plaintiff's rights alleged herein.

49. Plaintiff claims damages for the injuries set forth above under 42 USC §1983 and 42 USC §1988 against the defendants, City of Jersey City and City of Jersey City Police Department, for violations of the Plaintiff's constitutional rights as set forth above by the defendant, Defendant Police Officers, acting under color of law.

### FOURTH CAUSE OF ACTION
### VIOLATION OF 42 USC §1983
### SUPERVISORY LIABILITY RESPONDENT SUPERIOR

50. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. That the defendants, City of Jersey City and City of Jersey City Police Department, were deliberately indifferent in hiring and/or retaining and/or supervising its employee, defendant, Defendant Police Officers, in that said employees lacked the experience, deportment, and ability to be employed by the defendants in that the defendants failed to exercise due care and caution in its employment practices and in particular in hiring, retaining, supervising, training, and promoting the aforementioned employee.

52. That the aforesaid occurrence to wit: false arrest, imprisonment, assault and battery, violation of civil rights, infliction of emotional distress, and the resulting injuries of mind and body therefrom were caused wholly and solely by reason of the gross negligence or

11

deliberate indifference of the defendants, City of Jersey City and City of Jersey City Police Department, without any negligence on the part of the Plaintiff.

53. That by reason of the aforesaid, the Plaintiff was injured in mind and body suffered conscious pain and physical injury.

FIFTH CAUSE OF ACTION
FALSE ARREST AND IMPRISONMENT

54. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. On or about September 11, 2012, Plaintiff was arrested by Defendant Police Officers for allegations of robbery. Plaintiff was detained at the City of Jersey City Police Department for several hours prior to being released.

56. Plaintiff was not at the time of the events alleged in this criminal complaint, or at any other time, committing neither any offense against the statutes of the State of New Jersey nor any other ordinances of any municipality.

57. The charges were dismissed as to the Plaintiff.

58. Plaintiff was unlawfully arrested by Defendant Police Officers under color of New Jersey State Law and under color of state law and his official capacity and within the scope of his employment as a police officer for the City of Jersey City Police Department.

59. None of the defendants, at the time of the above mentioned arrest or at any time during the subsequent detention of Plaintiff, had in their possession any warrant issued by any judge, court, or magistrate authorizing an arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge or magistrate for such arrest.

60. Plaintiff was arrested without probable cause by Defendant Police Officers

12

Case 2:33-av-00001 Document 22118 Filed 09/02/14 Page 13 of 17 PageID: 591366

who, under the facts available to him at the time, did not have an objective, good faith belief that Plaintiff committed the aforementioned criminal charge. At no time pertinent hereto did Defendant Police Officers nor any other defendant have probable cause to believe Plaintiff had committed or was committing the aforementioned criminal charge.

61. Plaintiff alleges that Defendant Police Officers falsely arrested Plaintiff in an attempt to harass and to personally punish the Plaintiff.

62. Plaintiff further alleges that such arrest was in violation of his rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law and the Sixth Amendment to confront his accuser(s).

63. Defendants, and specifically, Defendant Police Officers, all acted maliciously, willfully, knowingly, and with specific intent to deprive Plaintiff of her right to freedom from unlawful arrest and detention and malicious prosecution.

64. Each such alleged act committed by defendants were the proximate cause of all injuries and damages to Plaintiff in violation of his constitutional rights secured by the Fourth, Sixth, and Fourteenth Amendment to the Constitution of the United States, and by Title 42, United States Code, Sections 1983 and 1988.

65. Upon information and belief, at all times material to this complaint, defendant, the City of Jersey City, acting through the City of Jersey City Police Department, failed to provide training and/or supervision of their police officer's, and this failure amounts to a deliberate indifference to the safety and lives of the citizens of the City of Jersey City. This deliberate indifference to supervision and/or training was a proximate cause of the injuries to Plaintiff.

66. Upon information and belief, at all times material to this complaint, defendant, the City of Jersey City, acting through the City of Jersey City Police Department, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) unlawful arrest and detention; and (b) excessive force. Each such policy, practice, custom and usage caused injury and damage in violation of Plaintiffs' constitutional rights secured by the Fourth, Sixth, and Fourteenth Amendment to the Constitution of the United States, and by Title 42, United States Code, Sections 1983 and 1988.

67. Further, the defendant, Nicoel Tengo, falsely accused the defendant of commiting an offense against her which led to the false arrest and detention and prosecution of the defendant which was later found to be wrong and unfounded.

SIXTH CAUSE OF ACTION
New Jersey Common Law
ASSAULT& BATTERY

68. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69. By the actions described above, the defendant, Defendant Police Officers, did inflict a battery upon Plaintiff when they gravbbed and hit the Plaintiff in order to perform a wrongful arrest . The acts and conduct of the defendant, Defendant Police Officers, were the direct and proximate cause of injury and damage to the Plaintiff in violation of the laws of the State of New Jersey and the United States.

70. Defendant, the City of Jersey City Police Department, John Doe 1-3, as employer and supervisor of Defendant Police Officers, are responsible for Defendant Police Officers's battery under the doctrine of Respondeat Superior.

14

71.     Defendant, City of Jersey City, their officers, agents, servants, and employees were responsible for Plaintiff's battery under the doctrine of Respondeat Superior.

72.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF NEW JERSEY STATE CONSTITUTION

73.     The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.     By the aforementioned acts of defendants, defendants have violated Plaintiff's rights under the New Jersey State Constitution including but not limited to Article I, Paragraph 1, Paragraph 5, and Paragraph 12 of the New Jersey State Constitution thereby giving rise to the constitutional protections pursuant to Article I.

75.     The conduct and actions, set forth above, of defendants, Defendant Police Officers and John Doe 1-3, acting under color of law, violated Plaintiffs rights under the New Jersey State Constitution and proximately caused the harms, already set forth above, to Plaintiff.

76.     The City of Jersey City and the City of Jersey City Police Department through their officers, agents, servants, and employees violated Plaintiff's rights under the New Jersey State Constitution because they knew or should have known about the lack of training and supervision of police officers and where they made a deliberate

choice to follow this willful course of conduct, risking harm to the citizens of the State of New Jersey and proximately causing the harms, as set forth above, to Plaintiff.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF 42 USC §1986

77. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78. The Plaintiff claims damages for the injuries set forth above under 42 USC §1986 against the defendants, City of Jersey City, City of Jersey City Police Department, Defendant Police Officers, ABC Corp. 1-3 and John Doe 1-3 for violation of his constitutional rights set forth above by the named defendants in that the defendants in whole or in part neglected to prevent the wrongful actions against the Plaintiff.

### ALLEGATIONS

79. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered fear and humiliation, physical injuries, public ridicule, loss of personal reputation, loss of income, costs and expenses, and was otherwise damaged.

80. By reason of the above premises plaintiff is entitled to damages.

81. Plaintiff has incurred attorneys' fees and other expenses in defending himself against defendant's malicious and unreasonable conduct.

82. Defendant acted maliciously and with the intent to injure Plaintiff.

83. By reason of the above premises Plaintiff is entitled to punitive damages.

84. Pursuant to 42 USC § 1988, Plaintiff is entitled to a reasonable allowance for attorneys fees as part of his costs.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Aarone Miles requests that this Court:

16

 (1) Accept jurisdiction over the parties;

 (2) Empanel and charge a jury with respect to this action;

 (3) Award to plaintiff, Aarone Miles, compensatory and punitive damages with pre and post-judgment interest to compensate him for the injuries he has suffered;

 (4) Order defendants to pay cost of suit

 (5) Order defendants to pay the reasonable attorneys fees and other costs incurred by Plaintiff as provided by Section 1988 of Title 42 and the Civil Rights Acts;

 (6) Award plaintiff, Aarone Miles, any other relief deemed necessary, just and proper.

Dated: August 31, 2014

        Respectfully submitted,

        /s/ *Nathaniel Davis*

        _____
        Nathaniel Davis
        60 Park Place
        Suite 208
        Newark New Jersey 07102
        Telephone: (973) 792-9005